Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| Lok T Lau, | Case No. |
|---|---|
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| 181 Fremont Office LLC, | **Jury Trial Demanded** |
| Defendant. | |

Plaintiff Lok T Lau ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Defendant 181 Fremont Office LLC ("Defendant") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and service animal and denying Plaintiff full and equal access to the publicly accessible portions of the 181 Fremont Street building located at 181 Fremont Street in San Francisco, California ("181 Fremont").

## PARTIES

1. Plaintiff is a natural person. Plaintiff is and has been considered disabled.

2. Defendant 181 Fremont Office LLC is a Delaware limited liability company with its principal address in San Francisco, California. At all times relevant to this complaint, Defendant 181. Fremont Office LLC owned, managed, operated, and/or was otherwise responsible for 181 Fremont.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331

and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

4. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that 181 Fremont is located in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff 66 years old and is disabled. Plaintiff suffers from a mental impairment, post-traumatic stress disorder, that substantially limits one or more major life activity. Plaintiff receives social security disability benefits. Plaintiff's impairments substantially limits communicating, breathing, walking, sleeping, concentrating, and working.

7. Plaintiff utilizes a trained service animal to help him with his disabilities.

8. Plaintiff's service dog is specifically trained to detect the signs of Plaintiff's PTSD; prevent strangers from approaching Plaintiff by blocking; calm Plaintiff through distraction techniques; and perform safety checks. These tasks ameliorate the symptoms of Plaintiff's PTSD and allow Plaintiff to engage in the world in a productive manner.

9. September 28, 2023, October 13, 2023, October 25, 2023, and October 27, 2023, Plaintiff personally visited the publicly accessible lounge area at 181 Fremont Street in San Francisco, California. As he often does, Plaintiff was there with his service dog on a walk through the city. On each of these occasions, staff at 181 Fremont Street instructed Plaintiff to leave the publicly accessible lounge area solely due to the presence of Plaintiff's service animal.

10. Plaintiff has attempted to inform the staff at 181 Fremont Street that his dog is in fact a trained service dog, but the staff there do not listen and insist upon ejecting Plaintiff from the building. Moreover, in a shocking display of retaliation, staff at 181 Fremont Street informed Plaintiff hat he is on an "all-points bulletin" list because of his disability advocacy at the building during his prior visits. Lastly, the Defendant's employees have informed Plaintiff that on several occasions they have called the police department because of the presence of Plaintiff's service dog at the building.

11. Plaintiff lives in Northern California and frequently travels to San Francisco to see family. During his visits to San Francisco, Plaintiff likes to enjoy the outdoor spaces of the City including the park immediately outside of 181 Fremont. Plaintiff intends to return to 181 Fremont with his service dog once they cease their discriminatory conduct.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

12. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

13. Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

14. The lounge area at 181 Fremont is a public accommodation.

15. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

16. Defendant has a policy that restricts and denies access to disabled persons like Plaintiff.

17. Defendant's conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

18. As a result of Defendant's conduct, denying Plaintiff equal access to 181 Fremont, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to 181 Fremont, which Plaintiff sincerely desires to do.

19. It is readily achievable for Defendant to provide Plaintiff and other disabled people like Plaintiff full and equal access to 181 Fremont.

20. Defendant does not have any legitimate business justification to excuse the denial of Plaintiff's full and equal access.

21. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the Civil Rights

Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, visit, or attempt to patronize 181 Fremont, in light of Defendant's conduct.

22. Defendant's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

23. Plaintiff seeks injunctive relief as to Defendant's discriminatory policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

24. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

25. Defendant intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the lounge area at 181 Fremont.

26. 181 Fremont is a business establishment.

27. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

28. Defendant violated the ADA.

29. Defendant's acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

30. Plaintiff was harmed.

31. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

32. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

33. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

## **PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief enjoining Defendant from engaging in unlawful discrimination against disabled persons with service animals when visiting the lounge area at 181 Fremont, including, specifically, enjoining its policy of denying access to persons with service animals access to the 181 Fremont without performing a good faith assessment of the reasonableness of modifying it policies to accommodate such disabled person; in addition injunctive relief compelling Defendant to establish and follow, in good faith, a policy to conduct a good faith assessment when evaluating a visitor with a service animal and/or other such injunctive relief as the deems appropriate;

2. Damages of no less than $40,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: November 28, 2023

Law Office of Rick Morin, PC

*/s/ Rick M*

_____
Richard Morin
Attorney for Plaintiff